UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SEPULVEDA, | No. 2:24-cv-1863 DC AC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MANN BROS TRUCK STOP INC., | |
| Defendant. | |

This case is before the court on plaintiff's motion for default judgment. ECF No. 15. The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19). The matter was set to be heard on the papers. ECF No. 16. Defendant did not file an opposition or take any action in this case. For the reasons stated below, the court recommends that plaintiff's motion be granted.

**I.   Relevant Background**

As stated in his complaint, plaintiff is a person with physical disabilities, including limited ability to walk; he requires the use of a walker. ECF No. 1 at 4. Defendant Mann Bros Truck Stop Inc. is alleged to be the real property owner of the building/parcel located at 1201 South 7th St., Modesto, California ("the Property"). Id. at 4-5. Plaintiff asserts that the Property contains a gas station and mini mart which is a facility open to the public, a place of public accommodation for nonresidential use, and a business establishment. Id. at 5. There is a parking lot on the Property. Id.

1

Plaintiff lives approximately twenty miles from the Property, and visited the Property on or about May 15, 2025, to shop for food and drink. ECF No. 1 at 6. Plaintiff alleges he encountered many accessibility problems. In particular, there was no designated "van accessible" parking space, and no disabled parking space. Id. at 2-3. Plaintiff attempted and was deterred from a second visit on July 1, 2024. Id. Plaintiff was, and continues to be, deterred from visiting the Property because of his awareness that the goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to him due to his physical disabilities. Id. at 6. Plaintiff enjoys the goods and services offered at the Property and will return to the Property once the barriers are removed. Id.

On July 4, 2024, plaintiff filed this action alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., the Unruh Civil Rights Act, Cal. Civ. Code § 51-53, and violations of California Health and Safety Code § 19955(a). ECF No. 1. The summons and complaint were timely served on defendant. ECF No. 5. The clerk entered default as to defendant. ECF No. 14. On March 24, 2025, plaintiff moved for default judgment. ECF No. 15. The motion for default judgment was served on defendant. ECF No. 15-3. Defendant did not appear to oppose the motion, and has not otherwise appeared or taken any action in this case.

## II. Motion

Plaintiff moves for default judgment on his claims under the ADA and related California statutes and seeks injunctive relief, statutory damages, attorneys' fees, and costs. ECF No. 15 at 23.

## III. Analysis

A. Legal Standard

Pursuant to Fed. R. Civ. P. 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924–25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to

grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").

B. The Eitel Factors

    a. Factor One: Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, plaintiff would suffer prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiff would be without recourse for recovery. Accordingly, the first Eitel factor favors the

3

entry of default judgment.

b. <u>Factors Two and Three: Merits of Claims and Sufficiency of Complaint</u>

The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See <u>Danning</u>, 572 F.2d at 1388; <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1175. Here, the merits of the claims and sufficiency of the complaint favor entry of default judgment.

Plaintiff brings three causes of action: violations of the American's with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), the Unruh Civil Rights Act, Cal. Civ. Code § 51-53 ("UCR"), and Cal. Health & Safety Code § 19955(a). The merits of each of these claims are assessed below.

*1. ADA Claim*

"Title III of the ADA prohibits discrimination in public accommodations...." <u>Kohler v. Bed Bath & Beyond of California, LLC</u>, 780 F.3d 1260, 1263 (9th Cir. 2015). The elements of a Title III claim are: (1) plaintiff is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was discriminated against by the defendant because of plaintiff's disability. 42 U.S.C. § 12182(a); <u>Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.</u>, 603 F.3d 666, 670 (9th Cir. 2010). Discrimination, in this context, includes "a failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

Plaintiff alleges multiple types of discrimination in this case, all resulting from defendant's failure to provide adequate accessible parking spaces. First, there was no proper designated disabled-accessible and van-accessible parking space on the shortest accessible route to the main entrance. The lack of a "van accessible" space on such a route violates ADAAG[1] 4.6.2 (1991) (requiring shortest route); 4.1.2(b) (1991) (one in eight, but no less than one, must be

---

[1] Americans with Disabilities Act Accessibility Guidelines, described more fully <u>infra</u>.

4

1  "van accessible" as per ADAAG 4.6.4); also ADAS §208, §208.3.1; §502 (requirement for
2  parking space), and §502.3 (requirement for access aisle) (2010 standards).  Second, there was no
3  signage for a parking space, in violation of ADAAG 4.6.4 (1991 standards) and ADAAG 502.6
4  (2010 standards). ECF No. 1 at 3.  The lack of designated parking for persons with disabilities
5  caused plaintiff difficulties in finding a safe place to park, exit his vehicle, and reach the entrance
6  safely. Id.

7  The facts alleged in plaintiff's complaint adequately detail the claimed violations, and
8  taken as true, support plaintiff's ADA claim. The Americans with Disabilities Act Accessibility
9  Guidelines, found in the ADA's implementing regulations at 28 C.F.R. Part 36 ("ADAAG") has
10 been held by the Ninth Circuit to provide the "objective contours of the standard that architectural
11 features must not impede disabled individuals' full and equal enjoyment of accommodations."
12 Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011).  Plaintiff alleges there
13 was no accessible parking space in the parking lot, making it difficult to navigate to the building,
14 in violation of the ADAAG. Id. at 2-3. "Because the ADAAG establishes the technical standards
15 required for "full and equal enjoyment," if a barrier violating these standards relates to a
16 plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes
17 "discrimination" under the ADA. Chapman, 631 F.3d at 947.  Because plaintiff has alleged
18 violations of the ADAAG that relate to his disability, he has properly alleged violations of the
19 ADA.  The merits of plaintiff's case thus favor entry of default judgment.

20      *2. The Unruh Act*

21  Under California's Unruh Act, "[a] violation of the right of any individual under the
22 federal Americans with Disabilities Act of 1990...shall also constitute a violation of this section."
23 Cal. Civ. Code § 51(f).  In addition, the Unruh Act independently prohibits discrimination, if it is
24 done in contravention of Section 51. Cal. Civ. Code § 52(a).  Section 52(a) provides for statutory
25 damages of no less than $4,000 for each violation, and attorney's fees. Id.

26  Because plaintiff has shown that defendant is in violation of Title III of the ADA,
27 specifically, the failure to provide accessible parking, he has also shown that defendant is in
28 violation of the Unruh Civil Rights Act. Lentini v. California Ctr. for the Arts, Escondido, 370

F.3d 837, 847 (9th Cir. 2004) ("a violation of the ADA is, per se, a violation of the Unruh Act"). Plaintiff is therefore entitled to a default judgment on this claim.

      3. *California Health and Safety Code § 19955(a) and California Civil Rights Act*

These claims are not analyzed here because plaintiff expressly declined to move for default judgment as to these claims. ECF No. 15 at 8.

   c. <u>Factor Four: The Sum of Money at Stake in the Action</u>

Under this <u>Eitel</u> factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1176–77. Plaintiff seeks $8,000.00 in statutory damages, $2,415.00 attorney's fees, and $1,091.50 in costs. ECF No. 15-1 at 6-9. The complaint offers no information about the defendant's financial condition, so the court cannot tell if this is a significant amount of money to defendant. However, there is no evidence that defendant took any action after being served with the summons and complaint in order to avoid a judgment of this size. This factor accordingly weighs in favor of a default judgment.

   d. <u>Factor Five: Possibility of Dispute Concerning Material Facts</u>

The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its claims and affidavits in support of its allegations. Here, the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., <u>Elektra Entm't Grp. Inc. v. Crawford</u>, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); <u>accord</u> <u>Philip Morris USA, Inc.</u>, 219 F.R.D. at 500; <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177.

   e. <u>Factor Six: Whether Default Was Due to Excusable Neglect</u>

Upon review of the record before the court, there is no indication that the default was the result of excusable neglect. See <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177. Plaintiff served the defendant with the summons and complaint. ECF Nos. 4, 5. Moreover, plaintiff served defendant

by mail with notice of its application for default judgment. ECF No. 15-3. Despite ample notice of this lawsuit and plaintiff's intention to seek a default judgment, defendant failed to defend themselves in this action. Thus, the record supports a conclusion that the defendant has chosen not to defend this action, and not that the default resulted from any excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

      f.   Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy favoring decisions on the merits-and consistent with existing policy would prefer that this case be resolved on the merits-that policy does not, by itself, preclude the entry of default judgment.

Upon consideration of the Eitel factors, the court concludes that plaintiff is entitled to the entry of default judgment against defendant and makes a recommendation to that effect. What remains is the determination of the amount of damages to which plaintiff is entitled.

  C.  Terms of Judgment

Plaintiff requests statutory damages and attorney's fees under Title III of the ADA and the Unruh Civil Rights Act, along with injunctive relief.

    1.  Attorney's Fees

Attorney's fee awards are calculated using the "lodestar" method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate. Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (per curium). The hourly rate is generally calculated "according to the prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). It is also the general rule that the court will use the rates of attorneys practicing in the forum district. Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992).

Plaintiff requests attorney fees at an hourly rate of $350 for 6.9 hours of work, totaling

$2,415.00. ECF No. 15-1 at 4. The undersigned finds the rate and hours billed reasonable.

Plaintiff also seeks $1,091.50 in costs and litigation expenses. Id. Section 12205 of the ADA provides that a district court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. The statutory provisions of the ADA provide direct authority for the award of expert witness fees as litigation expenses under the ADA. See Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002). The costs here include expenses for the court filing fee, costs of service, and costs of obtaining ownership deed information, which are compensable pursuant to 42 U.S.C. § 12205 and Lovell, 303 F.3d at 1058. ECF No. 12-4 at 2. Plaintiff's request for costs in the amount of $1,091.50 litigation costs and expenses is appropriate.

Accordingly, the undersigned will recommend that plaintiff be awarded a total of $3,506.50 ($2,415.00 + $1,091.50 = $3,506.50) in attorney's fees and costs.

### 2. Statutory Damages

The Unruh Civil Rights Act provides for, among other things, a minimum statutory damages amount of $4,000 per violation. Cal. Civ. Code § 52(a); Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005) (the Unruh Act "provides for statutory damages up to a maximum of three times the actual damages but no less than $4,000 for each instance of discrimination"). Plaintiff asserts that he is entitled to $8,000.00, in statutory damages pursuant to the Cal. Civ. Code § 52(a) for his two attempts to visit the Property. ECF No. 15 at 2. Plaintiff has sufficiently alleged facts indicating that he visited the Property on one occasion and encountered barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered each time, and was deterred on another attempted visit. ECF No. 1 at 6. Thus, plaintiff is entitled to $8,000 in statutory damages. Guedoir, 218 F. Supp. 3d at 1103.

### 3. Injunctive Relief

Plaintiff's complaint seeks an injunction requiring defendant to make changes and accommodations at the subject facility in a manner that achieves compliance with federal and state regulations. ECF No. 15 at 10-15. As the factual allegations in the complaint are taken as

true, plaintiff is entitled to injunctive relief as requested pursuant to both state and federal law. See Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III.").

### IV.     Conclusion

For the reasons explained above, it is hereby RECOMMENDED THAT:

1. Plaintiff's March 24, 2025 motion for default judgment (ECF No. 15) be GRANTED;

2. The court enter judgment against the defendant on the complaint's claims in the amount of $11,506.50 (comprising $8,000 in statutory damages and $3,506.50 in attorney's fees and costs);

3. Defendant be ordered to make changes and accommodations at the subject at the Property located at or about 1201 South 7th St., Modesto, California, in compliance with the Americans with Disabilities Act Accessibility Guidelines.

4. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998), as amended on denial of reh'g (Nov. 24, 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: May 23, 2025

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE