1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD SEPULVEDA,                          No. 2:24-cv-01863-DC-AC

12              Plaintiff,

13        v.                                     ORDER ADOPTING FINDINGS AND
                                                 RECOMMENDATIONS IN PART
14   MANN BROS TRUCK STOP INC.,
                                                 (Doc. Nos. 15, 17)
15              Defendant.

16

17        On July 4, 2024, Plaintiff filed this civil action against Defendant Mann Bros Truck Stop

18   Inc. (Doc. No. 1.) On January 29, 2025, the Clerk of the Court entered default as to Defendant

19   because it was served with the summons and complaint and did not file a timely answer,

20   responsive pleading, or otherwise appear in this action. (Doc. Nos. 12, 14.) On March 24, 2025,

21   Plaintiff filed the pending motion for default judgment. (Doc. No. 15.) This matter was referred to

22   a United States Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 302.

23        On May 23, 2025, the magistrate judge issued findings and recommendations

24   recommending that Plaintiff's motion for default judgment be granted. (Doc. No. 17.)

25   Specifically, the magistrate judge found that Plaintiff is entitled to default judgment on his claim

26   under the Americans with Disabilities Act ("ADA") and California's Unruh Act, and

27   recommended the court grant Plaintiff's motion, award $8,000 in statutory damages under the

28   Unruh Act, award $3,506.50 in attorneys' fees and costs, and order Defendant to make changes

                                        1

and accommodations at the subject property in compliance with Americans with Disabilities Act Accessibility Guidelines. (*Id.* at 9.) The findings and recommendations contained notice that any objections to the findings and recommendations were to be filed within twenty-one (21) days after service. (*Id.*) No objections were filed, and the time to do so has passed.

The findings and recommendations did not address the issue of whether the court should exercise supplemental jurisdiction over the Unruh Act claim. Consequently, the undersigned issued an order to Plaintiff to show cause "why the court should not adopt in part the findings and recommendations as to Plaintiff's ADA claim, attorneys' fees, and injunctive relief, but decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim." (Doc. No. 18 at 2.)

On August 25, 2025, Plaintiff filed a response to the order to show cause. (Doc. No. 19.) Plaintiff merely asserts that he is "no longer a 'high frequency litigant' for purposes of the analysis under the California Unruh Act," and thus the court should exercise supplemental jurisdiction over his Unruh Act claim. (*Id.* at 1, 3.) To support this assertion, Plaintiff notes that he has filed a declining number of cases, filing only 9 cases between August 25, 2024 and August 25, 2025. (*Id.*) Plaintiff's assertion, however, is misplaced because California Civil Procedure Code § 425.55 defines "high frequency litigant" as a "[a] plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period *immediately preceding the filing of the current complaint* alleging a construction-related accessibility violation." Cal. Civ. Proc. Code § 425.55(b)(1) (emphasis added). Plaintiff's status as a high frequency litigant was thus determined on July 4, 2024, when he filed the complaint in this case, and that status does not change during the course of this litigation. Having searched the federal PACER system for both this court and the United States District Court for the Northern District of California, the court has identified 30 construction-related ADA cases filed by Plaintiff during the relevant time period of July 4, 2023 through July 4, 2024. For this reason, Plaintiff's argument that he should no longer be deemed a high frequency litigant fails.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's response to the court's order to show cause, the court concludes that the findings and

recommendations are supported by the record and by proper analysis as to Plaintiff's ADA claim and his request for attorneys' fees and injunctive relief. But the court will decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. California state law imposes additional procedural requirements on high-frequency litigants bringing construction-related ADA claims. *Arroyo v. Rosas*, 19 F.4th 1202, 1205–07 (9th Cir. 2021). As the Ninth Circuit recognized, allowing plaintiffs to maintain Unruh Act claims in federal court undermines "the procedural strictures that California put in place" and renders them "largely toothless." *See id*. at 1213. Thus, as other courts have concluded, here too, "it would not be 'fair' to [Defendant] and 'an affront to the comity between federal and state courts' to allow [Plaintiff] to evade California's procedural requirements by bringing [his] claim[] in federal court." *See Vo v. Choi*, 49 F.4th 1167, 1171 (9th Cir. 2022) (citation omitted). Thus, the findings and recommendations will be adopted in part.

Accordingly,

1.      The Order to Show Cause issued on August 18, 2025 (Doc. No. 18) is discharged;

2.      The findings and recommendations issued on May 23, 2025 (Doc. No. 17) are adopted, in part;

3.      Plaintiff's motion for default judgment (Doc. No. 15) is granted in part, as follows;

      a.      Default judgment is entered in favor of Plaintiff and against Defendant on Plaintiff's ADA claim;

      b.      Plaintiff is awarded $3,506.50 in attorney's fees and costs;

      c.      Defendant is ordered to make changes and accommodations at the subject property located at or about 1201 South 7th Street, Modesto, California, in compliance with the Americans with Disabilities Act Accessibility Guidelines; and

      d.      The court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and dismisses that claim without prejudice; and

/////

/////

4.    The Clerk of the Court is directed to close this case.


IT IS SO ORDERED.

Dated:   **September 8, 2025**

Dena Coggins
United States District Judge

4